My name is Sean Singh. I represent the appellant shown in this matter. Basically, I have to add a few things to our brief shown on that. The judge, the trial judge in this matter was under impression that this case has been with them for eight times. And he said that on the fourth appearances on transcript dated April 2nd, page. Page 51, you're on a line 14. He said, all right, what's going on in this? Why has this case been on my docket for eight appearances? At that time, the actual appearances were on June 6th, 97, December 97. Which hearing was that comment made? That was on April the 3rd hearing. April 13th. And what page are you on there? I'm on page 51. You're on line 14 to 15. I see where you are. I thought that was April 3rd. April 3rd, yes. April 3rd? Yes. Okay. And that time, you know, actual appearances were first was on June 97, second was on December 97, third one was on February 97. So that, in fact, was only the fourth appearance in that matter. Well, the thing I find more troubling even than his misstatement about the number of hearings is obviously, I mean, if you read all the transcripts, it never seems like anybody has the right file in front of them. But he also said, well, she had said she was filing for an adjustment, and he told her that he wouldn't let her discuss the adjustment in that proceeding. But the rules, the regulations, 8 CFR section 245.2, says that after an alien is in deportation or removal proceedings, his or her application for adjustment of status shall be made and considered only in those proceedings. And it seems like the immigration judge wasn't letting her file that. Now, is that a ground of your appeal? I believe that our ground is that she should have been given a just ‑‑ she should have been given continuation so she could have. There's two steps, Your Honor. First one is to establish relationship, and that's done by I-130. And the second step is to file for status of adjustment called Form 485. And, matter of fact, you have to file the first one, and then you file a second one if the visa is available to you immediately. In this case, since she was married to a U.S. citizen, the visa would have been available immediately to her. Counsel, as I understand it, there was nothing to discuss at the time because she had not filed an application for adjustment of status. And what's more, it was not a mere matter of her filing the papers. It was a matter of getting her, the person that she said she had married, the American husband, to sign the papers. And she had not obtained his signature on the papers. Is that correct? Yes and no, Your Honor. She's on April the 3rd hearing. She said she just got married the day before, and the court continued to July the 17th. And July 17th, she has not filed I-130 petition. It's not the husband refused to sign it. She said that she didn't have opportunity to gather everything together to file the application. So she said. But fact of the matter is there's no application for adjustment of status to be considered then or for that matter when the IJ said we've had this matter before us enough times. I won't grant the six-month continuance. Six months later, she still hadn't gotten him to sign and still hadn't filed it. Isn't that true? Actually, Your Honor, the six-month continuation denied, but she did file for I-130, and I-130 was approved later on. When did she file it? As a matter of fact, I filed for her on March 31st, 1991. I mean, 2001, and it was approved on October 2002 only. So she has an approved adjustment. What exactly is approved? I-130. I-130. She does have approved, Your Honor. Now, what's the next step after that, or where is she in that procedure? Basically, next step will be to file for status for adjustment, which cannot be filed unless this case is reopened. Where in the record do we find that she filed the application and that it was approved? Your Honor, the previous counsel had filed a brief on that, and he has mentioned that. I don't – I'm not looking for when the lawyer says it was done in the brief. I'm looking for the record that shows me a picture of it. In other words, where the record states that she's filed in the brief. I want to know where in the record to look to see that she filed the application and that it was approved. I have to take a minute, Your Honor, because- It may be in your rebuttal. You can mention it. I don't want to take up all your time. You can save it for your rebuttal if you like. I will get back to that in a minute, Your Honor. It does say that she has filed an application, and I'm not sure it says been approved at that time, but application has been approved for I-130. As I understood the case, when she asked for the six-month continuance, she hadn't done it. And then when the BIA got the case, she still hadn't done it. So the BIA said it wouldn't have mattered if you had gotten the six-month continuance. Number one, you haven't done it. And number two, the law is that if you try to file it that late, you have to prove by clear and convincing evidence that the marriage isn't a sham. And she hadn't done that. As a matter of fact, Your Honor, when I filed the application in April, I guess when our case was at BIA level, she thought our case was going on and she didn't do anything about it. When she consulted our offices, we did advise her to file I-130 application. And INS did raise the question of bona fide marriage. And we have given them additional evidence to support that. And that additional evidence is part of the moving papers, Your Honor. As I understand it, once the deportation proceedings start, the INS has a concern that a person may marry an American citizen, give him 500 bucks to leave his toothbrush and blue jeans in the apartment and don't bother her anymore. So they require proof. It's not that easy anymore. Right. And she did provide her proof of the bona fide marriage. She does have a child from the gentleman. And she'd have a child from the gentleman born on October 98. And she got married to him April 98, but she'd known him a few years before that, Your Honor. Did she ever file any affidavits to show why it took so long to file her application? I-130 application, Your Honor? Yeah. Why it took so long? There is an affidavit filed, but I believe that she was under the impression that her case was being appealed and nothing she could do at that stage. So we selected her. She was in limbo, in a limbo waiting to see what's going to happen. But she did file for it when she consulted my office, and I said you should file that anyway. And we did not receive approval right away. They did question her marriage, and we did satisfy the requirements of INS that the marriage was bona fide. And based on that bona fide evidence we presented, she was given I-130 approval. When was she actually married? She was married on April, I believe, 2nd, Your Honor, 1998, or could have been April 1st, 1998. She says April 1 in her declaration. Yes. April 2 in her declaration, actually. Your Honor, also on the – again, on the July 17 hearing, the Court also said the same thing, that this is the eighth appearance, and that was said on page 60, line 12 and 13. I don't want to belabor the point, but I believe that the Court was under the impression this case had been sitting in the docket for too long. In fact, that wasn't the case. The Court knew at that time, Your Honor, she was married to a U.S. citizen, that she would qualify to be a recipient of visa under immediate relative status. And they knew all that. Maybe six months was too much. Maybe they could have given a shorter continuation. They wanted, I guess, that's what we heard for you, Your Honor, that she should have given an opportunity because the – She didn't ask for something shorter, did she? I mean, if it was just an administrative matter of filing the papers, she could have asked for 10 days, but she didn't. No, Your Honor. Actually, they were looking to get approval on this thing within six months and come back and ask for I-185 adjustment. I don't think they said that, did they, when they asked the IJ for six months? No. So for all he knew, she needed six months to track him down, find him, and persuade him to sign. Well, they were living together, so I don't know. The IJ didn't know that, did he? Right. There was no evidence presented. All he knew was that she asked for six months. Right. But the court has a discretion. They could have said, okay, last-time continuation, you must show proof of filing within 10 days or 20 days, and that would have been sufficient for her to get one more last chance to take care of the problem. Thank you. Are they still living together? They're still together, Your Honor. They're still married, and they have a citizen child. She has a citizen child, Your Honor. And he's a citizen also. He's physically challenged, Your Honor, and they do have money constraints. Now, if we don't grant the continuance, what happens to her? She would get a 485 adjustment. She doesn't have to leave the country, and she will not have any hardship. She will get a status to be in the United States. Okay, but does she – so right now, she's ordered – there's an order of removal. So if we don't grant her petition, she can still file for adjustment of status? No, Your Honor. She will have to leave the country. She will have to leave the country and then file for consular approval. But she could – she doesn't have to wait 10 years to file? She can do it right when she's deported? I believe that if she's deported, then she'll have to wait for 10 years. But if she has a voluntary departure, then she would not have to. The judge didn't grant voluntary departure because of preserving the appeal. Right. Which is how you're here. It's catch-22, you know. All right. Thank you. Thank you.  Any questions? No, you answered. Thank you. Thank you, Your Honor. And I'll look for the date, Your Honor, in the meanwhile. Counsel? Thank you, Your Honor. May it please the Court, Dan Goldman on behalf of the Respondent. This Court should uphold the decision of the Board of Immigration Appeals because it was not an abuse of discretion for the immigration judge to deny the request for a continuous based on the factors that this Court set forth for the evaluation of a motion for a continuous. Yeah, the BIA didn't roll on that ground, though. The BIA just rolled on the ground that there was no prejudice. Yes, Your Honor. The BIA didn't even address whether or not the continuance should or should not have been granted. It just said there was no prejudice. That's correct, Your Honor. Okay. So that's what we're looking at, whether she made – whether that was in error, whether she had made any showing of prejudice. I guess she has to know, Your Honor, that the Board does say the only issue raised on appeal is whether the immigration judge erred in refusing to grant a continuous. Right. But it doesn't decide that issue. Correct. It doesn't go into the – That there's no prejudice. Correct. It doesn't go into those factors. Let me direct your attention to the sentence that concerns me here. Yes, Your Honor. It says there is no indication in the record that the Respondent's citizen has ever filed the I – the required I-130 petition on behalf of the Respondent. Unless such petition is filed, the Respondent cannot apply for adjustment of status as an immediate relative. Therefore, we find that the Respondent has failed to demonstrate that she could have applied for adjustment of status but for the immigration judge's denial of a continuance. I took that to be the explanation, since it immediately follows the sentence, for why there was no prejudice. Is it true that the BIA decision is more than six months after the IJ's decision? And is it true that as of April 12, 2002, when the BIA decided the case, she had still not filed the I-130 petition? You asked me two questions, Your Honor. The answer to the first one is – That's right. And I want to know the answers to both. That's what I figured, Your Honor. The answer to the first question is yes. Certainly the Board's decision is dated April 12, almost four years after the immigration judge's decision on July 17th to not grant a continuance, so beyond that six-month period that Ms. Kiros-Gonzalez had asked for. The answer to your second question, and it was discussed during Petitioner's portion of the argument, the only evidence that this Court has with regard to whether or not there was a petition filed is in Petitioner's brief. And that's on page 10, I believe, of Petitioner's brief, where previous counsel for Petitioner says Petitioner has filed the I-130 with the INS, which is pending with the service. That was back in, just looking at the certificate of service, August of 2002. So I don't have a specific answer to the second question you asked, Your Honor, because we're limited to the record evidence in this case. We heard a lot about the petition having been filed and approved. Yes, Your Honor. Is that in the record? It's not. At least as everything that I've seen, it's not. And the only evidence as to whether it was ever filed, in fact, is what's in the Petitioner's brief. But wouldn't the INS, in its own records when the BIA issued this decision, know? I mean, doesn't it have its own records as to each alien? And, you know, if, in fact, the adjustment, the petition had to be filed in this proceeding, wouldn't there be some record of it if it was there? I mean, that the BIA would have had, right? Your Honor, I'm not an expert as to what their databases are. Presumably, the answer is yes. Presumably, the right hand and the left hand know what each other are doing. Well, we hope. We would hope. I guess we have some information on this from the blue brief here. It says, since the last court hearing on March 30, 2001, this is what I'm reading from the blue brief, not the record. Right, Your Honor. Petitioners filed the I-130, and then they attach, even though it's not in the record, something that looks like a receipt for filing. Correct, Your Honor. April 30, 2001. Now, how does that bear on whether the BIA's determination that as of the time of its decision, so far as the record showed, maybe I've answered my own question. It's not in the record, I guess. The answer is yes, Your Honor. It's not in the record. And this Court is limited to the review of the record. Which record are we talking? It's not in the record of this appeal. Correct, Your Honor. But it would be in the INS records, right? Presumably, it is in some INS file. Yes, Your Honor. And, again, I don't have a copy of that. And the only thing that I have to go on is the petitioner's brief. So how does it work practically? Just taking at face value that the visa petition was filed and approved before the April 12th, then is it incumbent on a petitioner's counsel to get that record and submit it at that point to the BIA? Or, I mean, I just don't understand as a practical matter why, even though it's not on this appeal of record, why BIA wouldn't have access to that. Yes, Your Honor. I think to answer your question as a practical matter, what would happen is there would be some form of motion to reopen. And, again, I don't have any record that that's taken place in this case. And so I'm somewhat limited. I'm not, as I said, I'm not. Is there another one that we're looking at? I'm sorry? A different motion to reopen. If there's a motion to reopen filed, Your Honor, it's somewhat of a parallel proceeding. There is a motion to reopen. I thought it was in this case. Yes, Your Honor. A motion to reopen in a just status. It is. Isn't that what we're referring to? Okay. And that's not what this case is about, Your Honor. It may be filed for this particular, for Ms. Karos-Gonzalez, but the record in this case is a record that is an appeal from the decision of the immigration judge up to the court of appeals for the Ninth Circuit. And so, if there's a motion to reopen filed, it's essentially a parallel proceeding. And if that motion to reopen is pending in front of the board of immigration appeals or pending in front of the immigration judge, if it's denied, Ms. Karos-Gonzalez could appeal that denial. She could appeal it all the way up to this Court. Those are still separate petitions for review to the court of appeals for the Ninth Circuit. They could be consolidated under Section 242. Mr. Goldman, you know, I think I understand the impatience of the judge and of the service. It's personally very sloppy and dilatory. But I don't understand the policy of the government. If, in fact, she's married to a U.S. citizen and, in fact, has a U.S. citizen child, what is the interest of the United States in achieving her deportation? The interest in this case, Your Honor, is that, obviously, there are equities that weigh on behalf of Ms. Karos-Gonzalez. As you said, she's married to a United States citizen. She's got a United States citizen child. This case is limited, however, to the record. And all of those specific ---- Well, I know. But, you know, you are not limited to the record. You could sit down with opposing counsel and say, what are the facts? Show me the record. I mean, show me that file and so forth. I mean, to proceed in rigid sort of lockstep, as though you were not a lawyer with some sense of the whole situation you're dealing with. I don't ---- What's ---- You still didn't answer my question. What is the purpose of the United States in trying to deport her? The purpose of the United States in trying to remove Ms. Karos-Gonzalez is to uphold the law, Your Honor. Is what? Is to uphold the law. And the law in this case set forth she came into court and conceded that she was removable under the laws of the United States. What she sought was relief from removal. And she said, here's how I'm going to get that relief. I'm going to file an ---- I'm ultimately going to file an application for adjustment. In order to do that, I have to file a visa petition, or more specifically, my husband has to file a visa petition. She comes into court on April 3rd, and she says, I just got married yesterday. And the judge says, okay, we'll give you some time. Okay. We know all that. You want to discipline her. She's very sloppy, very untidy. But is that a legitimate government interest? What you really want, you don't want to deport someone married to a U.S. citizen with a U.S. child, do you? Do you want to do that? It would depend on the ---- Is that part of our law to do that? It's certainly provided for in the law. Yes, Your Honor. I'm not saying it's something that the United States wants to do in every case, but ---- What was the U.S. gain from that? Why does it want to do it in this case? In this case, Your Honor, it's based on the facts of each case. And to answer your question in a broad-sweeping way, I don't think it would be appropriate because each case has to be weighed individually. This case was. This case, when Ms. Kiros-Gonzalez comes into court and says, I need time because I just got married, I need time to file my application, I see my time has expired here. You're not getting out of here that easily. I just wanted to ask for permission to answer, Your Honor. We get to control the time. I have one other question, though. I'm sorry, Your Honor. The ---- there is evidence in the record that she was eligible for adjustment of status. In her motion to reopen and adjust status, which was filed May ---- it was May 2nd, she says, I am now eligible for adjustment of alien status, which was not available on the date of the order of voluntary departure. That declaration, there's no attack on the credibility of that statement, and that's where I was beginning, how Judge Kleinfeld followed up on that. The ---- there's no attack on the credibility of that statement. That's what was submitted as evidence in front of the BIA. Yet the BIA, nevertheless, said there is no indication in this record that Respondent Citizen has ever filed the I-130. Isn't that just purposely looking the other way from this statement? I mean, if she was now eligible for adjustment, she would have had to have filed the petition for I-130. She couldn't make that statement. It would be a false statement. So it seems to me if the sole basis ---- this wasn't about abuse of discretion on the continuance. The sole basis was prejudice, and there's a flatly contradictory statement in the record that undermines the rationale of the BIA. Do you concede that? You're nodding. I'm limited, Your Honor, obviously, to what's been represented. If there's ---- it appears that there is, as you said, a conflict in the facts. But as to the law that would govern this case, I don't think there's a conflict. And ---- Well, Mr. Goldman, why don't you sit down with the opposing counsel, find out what the true facts are. You don't have to push the law. You don't have to be an Inspector Javert going to the extremes every time. You can settle, make reasonable accommodations. I understand that, Your Honor. What I would suggest to the Court is that the government is limited in this respect. Before the ---- the evidence that was before the immigration judge, which is what was appealed, and then the evidence that was before ---- and the record that was before the Board of Immigration Appeals, which was appealed to this Court, there was no application, and therefore, Ms. Karras-Gonzalez was not eligible for adjustment. They say there was no application, but she says flatly that she's eligible. They question her about that before they ---- they said, we find Respondents failed to demonstrate that she could have applied. Well, when we're reviewing this, if there's a clearly ---- if there's a clear error, we have to grant it. Yes, Your Honor. That's the standard. Yes, Your Honor. And the only caveat to that that I'm suggesting is that the appropriate way for that avenue to be pursued was, in fact, the motion to reopen that was filed with the Board. I'm not sure you're understanding what's going on here. Let me explain it to you. Yes, Your Honor. I read this record. I see she comes into court and says, I got married yesterday, and I want to file an I-130. And the IJ gives her a two-month continuance, turns it into a three-month continuance. It doesn't get filed. And then she has these other things. Well, she's going to be a witness in some proceedings. She may be paroled to be a witness, and she doesn't get along with her lawyer, and various delays. And eventually it gets to the point where he turns down a six-month continuance. However, I'm sure you've been listening as well as talking in your argument. Do you have authority so that if we delay submission of this case, you can work out something other than just standing on what you think are the INS's rights? Or do you need to just go ahead and take your chances that we'll do what you think would be a mistake in the law and create that mistake that would affect future cases? Yes, Your Honor. I don't know if you have authority or not, and I don't know if you've understood what was going on or not. I think I understand your question, Your Honor. If this case were not submitted, and to take it even further, if there was no decision issued or whatever the terminology would be, if the motion to reopen that was filed in front of the Board of Immigration Appeals, as Your Honor noted, if that is – presumably that's before the Board. There's no indication – and I can represent to the Court that I've called the Board of – You still didn't understand what I said. Look, what I was asking you was one possibility is we submit the case and we decide it favorably to your side. Another possibility is we submit the case and we decide it favorably to the other side. If we do that, there's a risk of precedent adverse to the INS. Now, lawyers who represent all run-of-the-mill clients like insurance companies that litigate a lot try to avoid those kind of precedents. So when you give them a chance to settle cases that look like, well, the law is favorable, but the facts are unfavorable, they settle them in order to avoid making bad law. But sometimes government lawyers have no authority. All they can do is just sit there and get the cold, wet fish thrown in their face. I don't know if that's your situation. And I was asking, is it worth delaying submission? Your Honor, I think the best that I could do – I mean, I can certainly contact the agency. I mean, that's my client is the agency. And I can say, what's the status of the motion to reopen? Because that – if this case is reopened, and it wouldn't be part of the specific appeal, but it's certainly a decision. So you don't have the authority of ordinary assistant DA in a – To dismiss the case? No. No, Your Honor. I mean, I need to talk to my client, the agency, and say, what's the status of the motion to reopen filed at the Board of Immigration Appeals? Depending on the answer that I get from my client, certainly, if this case is reopened – I hope I'm at least answering your question, Your Honor. I need to talk to my client. You can also influence your client. Obviously. I mean – As much as any lawyer can hope to, Your Honor. Right. I mean – And I also urge you to look at what is actually in this record of her declaration that she filed. I mean, maybe they dismissed that. And again, Your Honor, as we said, hopefully the right hand and the left hand know what they're doing. Yeah, but if you know about this agency, they really often don't. I understand, Your Honor. And I hope, Your Honor, have I answered your question as to – you had asked me what my authority was. It wasn't the answer I was happy to hear, but you answered it. I mean, it's – I think it's the best that I can give you in that I can contact the agency. I can find out what the status of the motion to reopen is. I can certainly make a recommendation. It's the kind of answer when I was in practice, if a lawyer told me that, I'd say, well, it's not worth talking to you then. I certainly – Go to the mat. I would definitely not tell you that, Your Honor. It's certainly something that – and based on what's happened here today, it's certainly something that I will make – I will represent as for that I will do, is I can talk to the appropriate people in the appropriate positions and say, what's the status? Maybe, as you've said, the facts are strong in this case and need to be looked at again. I guess we're all on the same wavelength now, and we'll decide what to do. Thank you, counsel. Thank you. Let me make one comment. I want to commend you because you've been the most reasonable, rational, civil INS attorney I've ever encountered. And so I just want to commend you when you tell your boss that. You'll get three cheers from the court. I appreciate your candor. And we understand it's not you that makes the rules. I appreciate that, Your Honor. Thank you. Thank you. Counsel? Thank you, Your Honor. Oh, I get some compliments. To answer your question, Your Honor, in our moving papers on page 7, line 14 to 13, we did set a petition attached here as exhibit A. And also on page 10, line 10 to 14 deals with the fact that we have filed the I-130 petition. Board of Immigration decision did not come down until 12-02, and the petition at that time had been filed but has not been approved. The petition was approved, Your Honor, on September 11, 2002. And at that time, the previous counsel who prepared this brief, I believe he did not It was done prior to the approval of the petition. Thank you, counsel. Thank you. Thank you. And also, Your Honor, I have no problem in having the last submission if INS counsel wants to talk to the authorities. Thank you. Well, I'm not going to state at this moment that the case is submitted. We'll discuss in conference how to proceed. The argument in the case is concluded at this time. Quiroz v. Gonzales' argument is concluded.
judges: Noonan, Kleinfeld, Wardlaw